No. 2461.—R. H. NOBLE v. LOUIS TROST and HENRY WEBER.

Plaintiff sued defendants as partners in the building business for damages resulting from the failure on their part to comply with their contract in erecting a building. The evidence showed that the defendants were not partners at the time the contract was made, and the contract was made with only one of the defendants. Held—That the defendants not being partners at the time the contract was made, the plaintiff could not recover from the partnership the damages resulting from its violation.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *Bentinck Egan*, for plaintiff and appellant. *J. Dirrhammer*, for defendants and appellees.

WYLY, J. The plaintiff sues the defendants as partners in the carpenter business for $4257 87, the amount which he alleges it cost him to complete a certain building they had contracted to erect for him, but abandoned it before completing the contract. The court gave judgment against the defendant, Trost, for the amount claimed, but rejected plaintiff's demand against the defendant, Weber. From this judgment the plaintiff appeals.

The question is,—was Weber a partner of the defendant, Trost, at the time the latter entered into the contract with the plaintiff to build the house?

The contract was made with Trost alone in a notarial act; the plaintiff did not contract with him as the partner of Weber, because it is shown he was not aware of it at the time. According to the testimony of Trost, the defendant, the principal witness for the plaintiff, Weber was only a dormant partner. And although this witness deposes that Weber was his partner at the time he contracted to build

the house for the plaintiff on the twenty-ninth day of October, 1866, he swore in the case of George Merz v. Trost & Weber, as appears by his deposition in that case, received as evidence in this, that his partnership with Weber began in the latter part of April, 1866, and ended "in the latter part of September, 1866," and this declaration he repeated several times in his deposition in that case. This was nearly a month before the contract was made with the plaintiff.

The defendant, Weber, testified that he was not the partner of Trost, and his statement is corroborated by other evidence in the record.

There is, however, a mass of evidence which is contradictory and unsatisfactory; but after carefully examining it, we have come to the conclusion that the judge a quo did not err in deciding in favor of the defendant, Weber, his liability not being established, because it is not sufficiently shown that he was a partner of Trost, as alleged. If he had been a partner, the partnership was dissolved, as we believe from the evidence, before the consummation of the contract upon which this suit is founded. If the defendant, Weber, had been a partner, he was only a dormant partner, and no notice of the dissolution of the partnership was necessary in order to escape liability to the plaintiff, because it is shown that the latter contracted with Trost without a knowledge of said partnership. Story on Partnership, 255, sec. 159; Smith's Mercantile Law, 87, 88; 10 R. 444; 5 An. 167.

It is therefore ordered that the judgment herein be affirmed, with costs.

Rehearing refused.